OFFICE OF THE CLERK

**MARCIA M. WALDRON**
**CLERK**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
21400 UNITED STATES COURTHOUSE
601 MARKET STREET
PHILADELPHIA, PA 19106-1790
Website: www.ca3.uscourts.gov

TELEPHONE
215-597-2995



November 3, 2011

William T Walsh
United States District Court for the District of New Jersey
Clarkson S. Fisher Federal Building and United States Courthouse 402 East State Street
Trenton, NJ 08608

RE: In re: David Womack
Case Number: 11-2840
District Case Number: 3-10-cv-02932
District Case Number: 3-11-cv-02884

Dear Clerk:

Enclosed please find copies of the following filed today in the above-entitled case:

1. Opinion

2. Certified copy of the Judgment denying the issuance of a writ of mandamus/prohibition.

Please acknowledge receipt of the enclosed copy of this form.

Very truly yours,

*Marcia M. Waldron*

Marcia M. Waldron,
Clerk

By:
/s/Marianne, Case Manager

267-299-4911

cc:
David Lee Womack
US Atty Trenton

DLD-028                                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2840
_____

IN RE: DAVID LEE WOMACK,
                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D. Ct. Civ. Nos. 10-cv-02932 and 11-cv-02884)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 27, 2011
Before: AMBRO, JORDAN and VANASKIE, Circuit Judges

(Opinion filed November 3, 2011)
_____

OPINION
_____

PER CURIAM

   David Womack, a New Jersey prisoner, petitions for a writ of mandamus compelling the District Court to screen his two civil rights complaints under the in forma pauperis ("IFP") statute, consolidate the two actions, and appoint counsel to represent him. For the reasons that follow, we will deny the petition.

I

   In June 2010, Womack, who claims to be illiterate with a developmental disability, filed in the District Court a civil rights complaint alleging that prison officials

at the New Jersey State Prison assaulted him and then retaliated against him for filing grievances. Womack's action was administratively closed sometime in 2011 because he had not paid the filing fee or submitted an IFP application. In September 2011, the District Court reopened the case, denied without prejudice Womack's pending motion for appointment of counsel, and reclosed the case, advising Womack that he could seek reopening within 30 days and either pay the filing fee or seek IFP status. On October 3, 2011, he filed an IFP application, which remains pending.

In May 2011, Womack filed in the District Court a second civil rights complaint alleging that the conditions of his confinement are unconstitutional and that New Jersey State Prison officials have denied him access to the courts by failing to provide legal services that accommodate Womack's disability. In August 2011, the District Court administratively closed the case and denied without prejudice Womack's pending IFP application, which was incomplete. The District Court then afforded Womack an opportunity to reopen his case and submit a complete IFP application. On October 3, 2011, Womack filed an IFP application, which remains pending.

In July 2011, Womack filed the instant petition for a writ of mandamus. After granting Womack an extension of time to file an IFP application, the Clerk closed the case in September because Womack did not submit a complete application. On October 11, 2011, Womack filed a motion to reopen the petition and a motion to proceed IFP.

II

At the outset, we will grant Womack's motion to reopen this case, which was

2

administratively closed for failure to pay the filing fee or submit a complete IFP application. Womack has since submitted a complete IFP application, which we conclude demonstrates his entitlement to proceed without prepayment of the filing fee. Pursuant to 28 U.S.C. § 1915(a)(1), this Court may allow a litigant to proceed without prepayment of fees if he submits an affidavit stating the nature of the claim and a belief that he is entitled to redress, and a statement of his assets. The decision to grant or deny an IFP application is based solely on the economic eligibility of the petitioner. See Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976). Womack's application indicates that he has virtually no assets and receives between $27 and $32 each month from his prison employment. Accordingly, we will grant his motion to proceed in forma pauperis.[1]

Mandamus is an "extraordinary remedy" that we award only when a petitioner demonstrates, among other things, a "clear and indisputable" right to relief. In re Pressman-Gutman Co., 459 F.3d 383, 398-99 (3d Cir. 2006). Mandamus lies only when there is no other remedy to obtain the relief sought. See Mallard v. U.S. Dist. Court for S. Dist. of Iowa, 490 U.S. 296, 309 (1989). Womack has plainly failed to satisfy this high standard.

Womack first asks us to compel the District Court to screen his complaints under the IFP statute, 28 U.S.C. § 1915(e)(2), and the Prison Litigation and Reform Act, 28

---

[1] We note that because Womack's mandamus petition is evidently bona fide, he is not subject to certain fee provisions of the Prisoner Litigation Reform Act. See Madden v. Myers, 102 F.3d 74, 78-79 (3d Cir. 1996).

3

U.S.C. § 1915A, so that the complaints may be served on the defendants. Womack's petition suggests that the District Court's failure to screen his complaints has been so delayed as to amount to a failure to exercise jurisdiction, which may serve as a basis for issuing a writ of mandamus. See Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). We disagree. We note that progress in Womack's civil actions was delayed primarily because of his failure to provide complete IFP applications. He has recently attempted to remedy that problem, and we are confident that the District Court will resolve his pending motions in a timely fashion.

Womack also asks that we compel the District Court to consolidate his two civil actions and appoint counsel to represent him. However, he has not shown either an indisputable right to those forms of relief or that other remedies are not available. Indeed, Womack's request is premature because his District Court cases have not been reopened. If the cases are reopened, Womack can seek consolidation in the District Court, which has broad discretion to consolidate matters involving common questions of law or fact. See Fed. R. Civ. P. 42(a); Enter. Bank v. Saettele, 21 F.3d 233, 235 (8th Cir. 1994). Likewise, Womack can seek appointment of counsel in the District Court if his cases are reopened and he is afforded IFP status. See § 1915(e)(1).

Accordingly, we will deny Womack's mandamus petition.

4

DLD-028

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 11-2840

IN RE: DAVID LEE WOMACK,
Petitioner

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D. Ct. Civ. Nos. 10-cv-02932 and 11-cv-02884)

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 27, 2011

Before: AMBRO, JORDAN and VANASKIE, Circuit Judges

**JUDGMENT**

This cause came to be considered on a petition for writ of mandamus submitted on October 27, 2011. On consideration whereof, it is now hereby

ORDERED and ADJUDGED by this Court that the petition for writ of mandamus be, and the same is, denied. All of the above in accordance with the opinion of the Court.

ATTEST:

/s/Marcia M. Waldron,
Clerk

DATED: November 3, 2011

A True Copy:

Marcia M. Waldron

Marcia M. Waldron, Clerk
Certified order issued in lieu of mandate.